# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| ZACHARY WEHMEIR ) <br> 2333 Dulles Station Boulevard ) <br> Herndon, VA 20171 ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> THE UNITED STATES OF AMERICA ) <br> ) <br> **Serve on:** ) <br>  Michael R. Sherwin ) <br>  United States Attorney for the ) <br>  District of Columbia (Acting) ) <br>  555 4th Street, NW ) <br>  Washington, DC 20530 ) <br> ) <br>  Civil Process Clerk ) <br>  United States Attorney's Office ) <br>  555 4th Street, NW ) <br>  Washington, DC 20530 ) <br> ) <br>  Monty Wilkinson ) <br>  United States Attorney General ) <br>  United States Department of Justice ) <br>  950 Pennsylvania Avenue, NW ) <br>  Washington, DC 20530 ) <br> ) <br>    Defendant. ) <br> _____ ) | Case No.:_____ |

## **COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Zachary Wehmeir, by and through his attorneys, John J. Yannone, Arren T. Waldrep, and PRICE BENOWITZ, LLP, and hereby files this Complaint against Defendant the United States of America and states as follows:

1

## PARTIES

1. Plaintiff Zachary Wehmeir ("Wehmeir") is an adult resident of the Commonwealth of Virginia, residing at 2333 Dulles Station Boulevard, Herndon, VA 20171.

2. At all times relevant hereto and upon information and belief, Andrew Martinelli ("Martinelli") is an adult resident and domiciliary of the Commonwealth of Virginia, residing at 1302 Chetworth Court, Alexandria, VA 22314. Further, Martinelli, at all times hereinafter mentioned, was an employee of the United States of America, through its federal law enforcement agency, the Federal Bureau of Investigations.

3. At all times relevant hereto, Defendant Federal Bureau of Investigations ("FBI") is a federal law enforcement agency operating under the United States Department of Justice, a federal executive department of the United States government. The FBI's headquarters are located at 935 Pennsylvania Avenue, NW, Washington, DC 20535.

## JURISDICTION AND VENUE

4. This matter arises out of a pedestrian motor-vehicle collision that occurred on or about February 20, 2018, at approximately 3:15 p.m., in the bicycle lane on Pennsylvania Avenue, NW, at or near its intersection with 13th Street, NW, in the District of Columbia.

5. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and pursuant to 28 U.S.C. § 1322(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this is a tort claim against the United States arising under 28 U.S.C. § 1346(b), and all of the events or omissions giving rise to this claim occurred in this District.

7. At all times relevant hereto, the United States of America acting through the Federal Bureau of Investigations was a "Federal Agency" within the meaning of 28 U.S.C. § 2671.

2

8. Plaintiffs have complied timely with 28 U.S.C. § 2401(b) by providing notice of their claim via Standard Form 95 to the United States Department of Justice regarding their injuries and damages which were tortuously caused by the Defendant, by and through its agent.

9. The instant suit is timely filed under 28 U.S.C. §§ 2401(b), 2675(a).

### FACTS COMMON TO ALL COUNTS

10. On or about February 20, 2018, at approximately 3:15 p.m., Plaintiff Wehmeir was on his bicycle travelling westbound on Pennsylvania Avenue, NW, at or near its intersection with 13th Street, NW, in the District of Columbia, lawfully riding his bicycle in the bicycle lane and proceeding on a green light.

11. At approximately the same time and place on the aforementioned date, Martinelli was operating a 2007 Chevrolet Tahoe, owned by Defendant the United States of America by and through the Federal Bureau of Investigation ("FBI"), travelling westbound on Pennsylvania Avenue, NW, at or near its intersection with 13th Street, NW, in the District of Columbia, parallel to Plaintiff, making an illegal U-Turn, from an outside lane at a place where a U-Turn was prohibited, at or near the aforementioned intersection.

12. Suddenly and without warning, Martinelli failed to pay full time and attention, failed to yield the right of way, failed to obey a traffic control device, failed to control the speed of his FBI vehicle to avoid a collision, and made an illegal U-turn, from an outside lane where a U-Turn was prohibited and without emergency lights, in front of Plaintiff Wehmeir, as he was lawfully in the bicycle lane and proceeding on a green light, thereby cutting off Plaintiff Wehmeir's right of way and giving Plaintiff Wehmeir no room to stop, and thus causing Plaintiff Wehmeir to collide with the driver's side of the vehicle operated by Martinelli.

13. At all times relevant hereto, Martinelli operated Defendant United States' FBI vehicle in a

dangerous and unsafe manner, failed to pay full time and attention, failed to yield the right of way, failed to obey a traffic control device, failed to control the speed of the FBI vehicle on a highway to avoid collision, failed to properly and timely bring the FBI vehicle to a stop to avoid a collision, was driving the FBI vehicle in a careless and imprudent manner endangering property, life, and person, and suddenly and without warning, caused collision to Plaintiff Wehmeir's bicycle.

14. As a result of impact from the collision, Plaintiff Wehmeir was thrown from his bicycle, causing him immediate, severe, permanent and significant injuries, including, but not limited to, his head, neck, back, chest and shoulders.

15. Plaintiff Wehmeir did not cause or contribute to the subject collision or to his injuries.

16. At all times relevant hereto, Martinelli was the actual and/or apparent agent of Defendant the United States of America, and was acting on behalf of, and for the benefit of, Defendant the United States of America.

### COUNT I: Negligence
### (Defendant United States of America)

17. Plaintiff re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 16 above as if more fully set forth herein, and further alleges:

18. At all times relevant hereto, Martinelli had a duty to act reasonably and to use due care while operating Defendant United States' FBI vehicle.

19. In particular, Defendant United States, by and through its agent, Martinelli had a duty to, *inter alia*, pay full time and attention, maintain proper and adequate control of the FBI vehicle, stop in time to avoid a collision, obey the instructions of all traffic control devices, and obey the laws and rules of the District of Columbia.

20. Defendant United States breached that duty of care by and through the negligent acts and

4

omissions of its agent, Martinelli, and the above-mentioned collision was caused by the recklessness, carelessness, and/or negligence of Martinelli, such that Defendant United States, by and through its agent, among other acts and omissions:

    a. Caused collision to Plaintiff's bicycle;

    b. Failed to stop in time in order to avoid a collision;

    c. Failed to exercise reasonable due care and precaution in the operation of his motor vehicle under the circumstances then and there existing;

    d. Failed to lawfully obey the instructions of all traffic control devices;

    e. Failed to see what there was to be seen;

    f. Failed to reduce the speed of the vehicle he was operating in time to avoid a collision with Plaintiff's vehicle;

    g. Failed to use due care and precaution and to maintain adequate control of his vehicle;

    h. Failed to yield the right of way;

    i. Failed to obey the laws and statutes of the District of Columbia; and

    j. Was otherwise negligent, in other respects not now known to Plaintiff but which may become known prior to and/or at the time of trial.

21. A reasonably prudent person in Martinelli's position would not have struck Plaintiff's bicycle.

22. Upon information and belief, at all times relevant hereto, Defendant United States, by and through its agency, FBI, was the owner of the FBI vehicle operated by Martinelli on the aforementioned date and time.

23. Upon information and belief, and at all times relevant hereto, including February 20, 2018, Martinelli was acting as the agent, servant, and/or employee of Defendant United States. Additionally, Martinelli was operating the motor vehicle pursuant to Defendant United States'

order and/or direction. Further, Martinelli was carrying out the affairs for the benefit of Defendant United States.

24. As the principal for Martinelli, Defendant United States is responsible for all of the acts and/or omissions committed by Martinelli, who was Defendant United States' actual and/or apparent agent, servant, employee, and/or independent contractor acting within the course and scope of his actual and/or apparent agency and/or employment under the doctrine of vicarious liability and/or *respondeat superior*.

25. As a direct and proximate result of Martinelli's negligent conduct in the operation of Defendant United States' FBI vehicle, Plaintiff sustained severe, significant and permanent injuries.

26. As a direct and proximate result of the negligence and carelessness of Defendant United States, by and through its agent, Martinelli, Plaintiff has suffered, and will continue to suffer: severe and permanent physical injuries; great physical pain; severe, substantial and permanent emotional distress and mental anguish; and a diminished capacity for the enjoyment of life.

27. As a direct and proximate result of the negligence and carelessness of Defendant United States, by and through its agent, Martinelli, Plaintiff has undergone and will continue to undergo substantial medical treatment, and has incurred and will continue to incur: substantial medical costs and related expenses to alleviate his injuries, pain and suffering; lost earnings; lost employment opportunities; loss of time and enjoyment from his customary leisure, and recreational activities; property damage, including the loss of his bicycle; an impairment of his customary normal activities of daily living, employment, leisure, and recreational activities; and otherwise was hurt, injured and caused to sustain losses.

28. All of Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant United States, by and through its agent, Martinelli, and were incurred without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff Zachary Wehmeir demands a jury trial, judgment from and against Defendant United States of America, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, property damage, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By: */s/ John J. Yannone*_____
John J. Yannone, Esq. (DC Bar #452458)
Arren Waldrep, Esq. (DC Bar #999861)
409 7th Street, NW, Suite 200
Washington, D.C. 20004
John@pricebenowitzlaw.com
Arren@pricebenowitzlaw.com
Tel: (202) 417-6000
Fax: (301) 244-6659
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

*/s/ John J. Yannone*_____
John J. Yannone, Esq.